UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID COLLOP and LORI COLLOP,

               Plaintiffs,

                                         Case No. 07-14069

v.

                                         Honorable Julian Abele Cook, Jr.

CONSOLIDATED RAIL CORPORATION,

               Defendant.


ORDER

       This lawsuit was initiated in the Wayne County Circuit Court of Michigan[1] on August 22, 2007 by the Plaintiffs, David and Lori Collop,[2] both of whom accused the Defendant, Consolidated Rail Corporation,[3] of causing them to sustain damages as the direct result of an injury in May 2006. On September 26, 2007, the Defendant caused the case to be removed to this federal court on the basis of its diversity jurisdiction. 28 U.S.C. § 1441. On July 28, 2008, the Defendant filed

---

      [1]The originally named Defendants were Shared Asset, Inc. and Conrail, Inc. However, the Court entered an order on March 27, 2008 which amended the case caption to reflect the name of the Consolidated Rail Corporation as the proper Defendant in this matter. In the same order, the Court deleted the designation of Conrail, Inc. (a "misnomer" for Consolidated Rail Corporation) as a Defendant in this proceeding and, at the same time, dismissed the other designated Defendant, Shared Assets, Inc., because it "has no relationship to [the P]laintiff's claims for relief . . . ."

      [2] The Plaintiffs are a married couple who reside in Warren, Michigan.

      [3]The Defendant is a Pennsylvania corporation which provides rail service for many of its rail freight customers in Michigan, New Jersey, and Philadelphia.

1

a motion for the entry of a summary judgment on all of the Plaintiffs' claims.[4]

For the reasons that have been set forth below, the Defendant's motion for summary judgment is granted.[5]

## I.

This case revolves around an incident on May 22, 2006, in which one of the Plaintiffs, David Collop, was physically injured while performing his duties as an employee of Kenosha Releasing, Inc. ("Kenosha"), an independent contractor that had been hired to load new automobiles onto the Defendant's railcars for transportation from a Chrysler manufacturing plant in Detroit, Michigan to various auto dealerships throughout the region.

During this period of time, it was the Defendant's customary practice to have seven railcars placed on each rail siding, set the brakes firmly on the first and last cars, open the doors on these railcars, and inspect them for loose debris. Kenosha employees followed this procedure by making certain that the brakes on the various railcars were applied, with plates placed between

---

[4] Fed. R. Civ. P. 56(c) provides, in pertinent part, that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

[5] On August 18, 2008, the parties stipulated to extend the allotted time for the Plaintiffs to file a response to the Defendant's July 28th motion. The Plaintiffs' response, which was filed on September 5th, (1) is incorrectly entitled "Plaintiff's *Answer* to Defendant [*sic*] Summary Disposition" and (2) was incorrectly filed as a "reply" on the docket (Docket #15) (emphasis added). After the Defendant filed its reply on September 19th, the Plaintiffs filed a supplemental memorandum on October 28, 2008 (Docket #17) to which the Defendant replied on November 26, 2008 (Docket #18). However, there is no provision in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Michigan for filing either of these non-conforming documents. Moreover, neither party sought nor obtained leave from the Court to file these pleadings. As a result, the Court did not consider Docket #17 or Docket #18 in rendering its decision on the Defendant's motion for summary judgment.

them so that the automobiles could be driven from the first railcar through the adjoining railcars, as part of a sequential process of loading the railcars. Before this loading process is undertaken, the center deck (of three) on the railcars are raised so that automobiles can be driven onto the lowest deck. Once a vehicle is placed on the railcar, the Kenosha employee, who has the responsibility of loading the vehicle, places the wheel chocks in front of and behind the tires on its right side. These chocks, which are stored in a box on the side of the railcar, are then tightened with a strap in order to secure the automobile and to prevent it from moving during the shipment of the vehicle.

David Collop was injured during this process while he was loading an automobile onto the center or the upper-most level of the railcar. Just prior to his injury, he parked an automobile on the railcar and moved toward the right front tire of the vehicle to begin the tie-down process. It was at this juncture that the injury occurred when he stepped on a loose wheel chock that was on the floor of the railcar, causing him to sustain severe injuries.

II.

A petitioner is entitled to a summary judgment under Fed. R. Civ. P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (citing Fed. R. Civ. P. 56©). In its review of the evidence, a court must draw all reasonable inferences in favor of the non-moving party. *Id.* Any direct evidence, which is proffered by the non-moving party when responding to a summary judgment motion, should be accepted as being true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir.

3

2004)).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The Supreme Court has explained that whether the facts are deemed to be material will depend on the substantive law. *Id.* That is, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[, and f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* A dispute is genuine only if it is "based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Tysinger*, 463 F.3d at 572.

III.

In order to sustain a claim of negligence based on premises liability, the law in Michigan requires that the Plaintiffs must establish four elements; namely, (1) a duty, (2) the breach of the duty, (3) causation, and (4) damages. *Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 463 (2004). Furthermore, the law in Michigan recognizes three common-law categories for those persons who enter upon the land or premises of another; to wit, (1) trespasser, (2) licensee, or (3) invitee. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596 (2000) (citing *Wymer v. Holmes*, 429 Mich. 66, 71, n.1 (1987)). "Each of these categories corresponds to a different standard of care that is owed to those injured on the owner's premises. Thus, a landowner's duty to a visitor depends on that visitor's status." *Stitt*, 462 Mich. at 596.

In the present case and for the sole purpose of this motion, both parties agree that David Collop was a business invitee on May 22, 2006, the date of his injury.

4

2:07-cv-14069-JAC-DAS   Doc # 22   Filed 03/31/09   Pg 5 of 7   Pg ID 242

The possessor of land is subject to liability for any physical harm that is caused to his invitees by a condition on the land only if he:

> (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (2) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (3) fails to exercise reasonable care to protect against the danger.

*Quinlivan v. Great Atlantic & Pacific Tea Co.*, 395 Mich. 244, 258-59 (1975) (quoting Restatement (Second) of Torts § 343). Therefore, assuming that the Defendant owed this type of duty to the Plaintiffs, it can only be found liable if it (1) knew or should have discovered through exercising reasonable that a loose wheel chock was on the floor of the railcar, (2) had no expectation that David Collup would discover the presence of the chock, and (3) failed to exercise reasonable care to protect him from being injured by a loose chock.

In their response to this pending motion for summary judgment, the Plaintiffs have failed to set forth any evidence from which a reasonable juror could infer that (1) the Defendant caused a wheel chock to be on the floor of the railcar or (2) it knew or should have known of the loose wheel chock, as required by Fed. R. Civ. P. 56(e)(2).[6]

The Plaintiffs theorize that the chock was most likely placed on the floor by an employee of the Defendant. However, this is not the standard, as set forth in *Quinlan*, supra, Moreover, they have failed to advance any specific facts which would support their proposition that (1) the

---

[6]Fed. R. Civ. P. 56(e)(2) states the following: "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

Defendant's employees placed a chock at the location where the incident occurred, (2) their conduct caused it to be placed there, or (3) they should have been aware of its location.  The Plaintiffs also point out that Jerry Cleveland, a mechanical operations manager for the Defendant, was unable to identify the employee who performed the inspection for the Company on the date of the injury.  This fact - without more - does not set forth a sufficiency of evidence from which a reasonable juror could conclude that the Defendant is responsible for David Collop's injury as a matter of law.  The Plaintiffs have also provided the Court with three affidavits from  David Collop's former coworkers at Kenosha.   These identical affidavits merely contain general assertions which address the obligation of the Defendant to inspect the railcars prior to being loaded by Kenosha.  None of these affidavits provide the Court with any specific information that would allow a reasonable juror to conclude that the Defendant caused a wheel chock to be on the floor of the railcar or that it knew or should have known of a loose wheel chock.  Thus, the Court must conclude that there is no genuine issue of a material fact as to the Plaintiffs' negligence claim.          With respect to the Plaintiffs' negligent entrustment claim, the Michigan Supreme Court has held that "the [negligent] entrustment must be causally connected with the injury of which the plaintiff complains."  *Perin v. Peuler*, 373 Mich. 531, 539 (1964)(overruled on other grounds), *McDougall v. Schanz*, 461 Mich. 15 (1999).  Here, the Plaintiffs submit that (1) the Defendant knew or should have known that its employees did not have the proper training and skills to place the chocks on the walls of the railcars after they were delivered, and (2) they left at least one chock on the floor where David Collop was injured.  However, as mentioned above, the Plaintiffs have not advanced any competent evidence that would support their contention that a wheel chock had been placed on the floor by one of the Defendant's employees.  Thus,  David

Collop's proffered testimony does not create a genuine issue of a material fact as to whether the Defendant caused the alleged dangerous condition or had any notice of it prior to the incident.

Finally, with regard to the Plaintiffs' loss of consortium claim, courts in Michigan have held that "[a] claim of loss of consortium is derivative and recovery is contingent upon the injured spouse's recovery of damages for the injury." *Wessels v. Garden Way, Inc.*, 263 Mich. App. 642, 648 (2004) (quoting *Berryman v. Mart Corp.,* 193 Mich. App. 88, 94-95 (1992)). Therefore, as a result of these findings, the Court must also find that there is no genuine issue of a material fact as it relates to the loss of consortium claim by the Plaintiff, Lori Collup.

IV.

Thus, for the reasons that have been stated above, the Court grants the Defendant's motion for summary judgment. Fed. R. Civ. P. 56©.


IT IS SO ORDERED.


Dated: <u>March 31, 2009</u>         <u>s/Julian Abele Cook, Jr.</u>
      Detroit, Michigan         JULIAN ABELE COOK, JR.
                       United States District Court Judge


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2009.

                       <u>s/ Kay Doaks</u>
                       Case Manager